UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE DEON JACKSON,

    Plaintiff,

v.                                           CAUSE NO. 3:20-CV-202-DRL-MGG

COUNTY OF LAPORTE *et al.*,

    Defendants.

## OPINION & ORDER

George Deon Jackson, a prisoner without a lawyer, filed a complaint that must be liberally construed. "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Jackson alleges that, on August 24, 2019, at the LaPorte County Jail, he learned that he had unusually high blood pressure due to newly prescribed medications. These medications also caused him to experience sweating, chest pain, swelling in the legs and feet, and headaches. Mr. Jackson expressed these medical concerns to Nurse Sandy and Nurse Melissa, but they downplayed his symptoms, did not measure his vital signs, and did not otherwise examine or treat him, he says. On September 5, he was transported to a hospital for chest pain, where he was diagnosed with a heart attack and remained for six days.

Based on these allegations, Mr. Jackson asserts a claim against Nurse Sandy and Nurse Melissa. Because Mr. Jackson is a pretrial detainee, "we assess [his] claim under the Fourteenth Amendment instead of the Eighth Amendment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). This circuit has held that "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The complaint states a plausible Fourteenth Amendment claim against Nurse Sandy and Nurse Melissa.

Mr. Jackson also names Laporte County as a defendant. To pursue a § 1983 claim against a local governmental entity, a plaintiff must show that his constitutional injury resulted from that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Because the complaint does not suggest that his injury resulted from an official policy or practice of Laporte County, he may not proceed against that defendant.

For these reasons, the court:

(1) GRANTS George Deon Jackson leave to proceed on a Fourteenth Amendment claim against Nurse Sandy and Nurse Melissa for money damages for allegedly failing to address his medical complaints from August 24, 2019, to September 5, 2019;

(2) DISMISSES Laporte County;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Sandy and Nurse Melissa at the Laporte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Sandy and Nurse Melissa to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which George Deon Jackson has been granted leave to proceed in this screening order.

SO ORDERED.

May 6, 2020

*s/ Damon Leichty*
Judge, United States District Court